IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Debra Haybarger,

      Plaintiff,

v.

Lawrence County Adult Probation
And Parole,

      Defendant.

Civil Action No.:

Judge _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

### Nature of the Action

1. This is an action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et. seq. ("ADA") and the Family and Medical Leave Act of 1993, 29 U.S.C. Section 2601 et. seq. ("FMLA").

### Parties

2. Plaintiff Debra Haybarger is an adult individual who resides at 3895 West Washington Street, New Castle, PA 16101.

3. Defendant, Lawrence County Adult Probation and Parole Office is an agency of Lawrence County and the Commonwealth of Pennsylvania with its principle place of business located at 430 Court Street, New Castle, PA 16101.

### Jurisdiction and Venue

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a). Plaintiff's claims under the PHRA are so related to her claims pursuant to the ADA, the Rehabilitation Act and the FMLA that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

6. The Plaintiff exhausted all applicable administrative remedies prior to the filing of this complaint.

   a. Plaintiff filed a timely charge with the Pennsylvania Human Relations Commission.

   b. Plaintiff cross-filed with the Equal Employment Opportunities Commision.

   c. Plaintiff received a Notice of Right to Sue from the EEOC on April 7, 2006.

   d. Plaintiff's complaint is within the 90 day limitation following the receipt of the Notice of Right to Sue.

## Relevant Factual Background

7. Ms. Haybarger incorporates by reference all of the above allegations set forth in this Complaint.

8. Ms. Haybarger began working for the Defendant on or about October 31, 1988, and was formally discharged by letter dated October 4, 2004.

9. At all relevant times, Ms. Haybarger was an office manager for the Defendant.

10. On or about August of 1988, Ms. Haybarger was diagnosed with diabetes, which medical condition limits one or more major life activities necessitating several leaves of absence for medical conditions which were exacerbated by her underlying condition.

11. When Ms. Haybarger was hired, she informed Defendant of her disability. On or about 2000, a new Director, William Mancino, was hired by the Defendant and Ms. Haybarger made him aware of her disability at that time.

12. In March 2004, Ms. Haybarger received an evaluation of "Meets Expectations" with a series of issues identified by the Defendant as areas where improvements could be made.

13. Ms. Haybarger missed almost the entire month of July 2004 due to a lengthy hospitalization.

14. On or about September 29, 2004, Ms. Haybarger was informed that she was being terminated because her health problems were causing her to "slack" in her performance. She received a formal letter of discharge on October 4, 2004.

15. In fact, Ms. Haybarger's termination was due to her disability and her exercising her rights under the FMLA for time off due to serious injury.

16. Ms. Haybarger was at all times and continues to be capable of performing the essential functions of an office manager, after having held that position for the Defendant for sixteen years.

17. As a result of this conduct, the Defendant has caused Ms. Haybarger the loss of wages and other job benefits and emotional and other harm.

## COUNT I

### Americans with Disabilities Act

18. Ms. Haybarger incorporates by reference all of the above allegations set forth in this complaint.

19. At all relevant times, the Defendant employed greater than 25 employees in any given calendar year, thereby qualifying as an employer for purposes of the ADA.

20. The Defendant's treatment of Ms. Haybarger was undertaken intentionally, in violation of rights accorded to her by the ADA.

21. The Defendant's conduct, as described above, was undertaken with malice or in reckless disregard of Ms. Haybarger rights under the ADA.

WHEREFORE, Ms. Haybarger respectfully requests that this Court grant damages and:

a) Permanently enjoin the Defendant, its officers, successors and assigns and all persons in active concert or participation with them from engaging in any employment actions or practices that discriminate on the basis of disability.

b) Order the Defendant, its officers, successors and assigns and all persons in active concert or participation with them to institute and carry out policies, practices and procedures which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful discriminatory employment practices.

c) Order the Defendant, its officers, successors and assigns and all persons in active concert or participation with them to make whole Ms. Haybarger by paying appropriate back pay with prejudgment interest and other affirmative relief necessary to eradicate the effects on her of its unlawful employment practices.

d) Order the Defendant, its officers, successors and assigns and all persons in active concert or participation with them to pay compensatory damages to Ms. Haybarger for injuries sustained as a result of the Defendant's discriminatory actions.

e) Order the Defendant to pay punitive damages to Ms. Haybarger as a result of the Defendant's conduct that was malicious or undertaken with reckless disregard for her civil rights.

f) Order the Defendant to pay the costs and reasonable attorney's fees incurred by Ms. Haybarger.

g) Grant such other relief as the Court deems necessary and proper.

## COUNT II

## Family Medical Leave Act

22. Ms. Haybarger incorporates by reference all of the above allegations set forth in this Complaint.

23. The defendant is a covered employer within the meaning of the FMLA because, among other things, it employed fifty or more employees during the relevant time period.

24. Ms. Haybarger was entitled to FMLA leave at the time the Defendant discharged her in violation of the FMLA because, among other things, she had worked for defendant at least twelve months prior to her discharge, she had worked for the defendant at least 1,250 hours within the year preceding her termination.

25. Throughout her employment, Ms. Haybarger required unanticipated intermittent leave due to her serious medical condition and complications therefrom.

26. Ms. Haybarger informed defendant of her serious medical conditions as soon as it was practicable to do so.

27. Defendant failed to follow the procedures set forth in the Department of Labor's regulations implementing the FMLA for providing notice to employees, for obtaining verification of a serious medical condition and for determining the validity of her claim to be absent due to a serious medical condition.

28. Ms. Haybarger was entitled to FMLA leave for her absences from work for defendant in 2004 and the FMLA precluded Defendant from taking any adverse employment action against Ms. Haybarger due to her federally mandated leave.

29. At the time that Ms. Haybarger was terminated, she had not exhausted her twelve weeks of leave under the FMLA.

30. Defendant discharged Ms. Haybarger in violation of the FMLA and its implementing regulations.

31. Defendant retaliated against Ms. Haybarger for exercising her FMLA rights, and willfully interfered with, restrained and denied Ms. Haybarger exercise of rights provided by the FMLA and its implementing regulations by discharging her.

32. As a direct result of Defendant's violation of the FMLA and its implementing regulations, Ms. Haybarger has lost wages and other economic benefits of his employment with Defendant, and suffered emotional distress. In addition, Ms. Haybarger has incurred counsel fees and other costs in pursuing her legal rights, and will continue to incur such expenses until this action is completed.

WHEREFORE, Ms. Haybarger demands:

a) judgment against Defendant in an amount to make her whole for all damages suffered by her as a result of Defendant's violation of the FMLA, including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, liquidated damages in an amount equal to actual damages, punitive damages and all other damages recoverable under the FMLA plus pre-judgment and other interest;

b) that this Court enjoin Defendant from further violating the FMLA;

c) that this Court order Defendants to reinstate Ms. Haybarger to the position she held when Defendant unlawfully discharged her with all seniority and benefits she would have otherwise accrued had not Defendant violated the FMLA;

d) that this Court award Ms. Haybarger expert witness fees, attorneys' fees and the cost of bringing this action; and,

e) that this Court grant all other relief that she is entitled to under law and equity.

                                      Respectfully submitted,

By:    /s/Gregory G. Paul
       GREGORY G. PAUL, ESQUIRE
       P.a. I.D. #83334
       ROBERT PEIRCE & ASSOCIATES, P.C.
       2500 Gulf Tower, 707 Grant Street
       Pittsburgh, Pennsylvania 15219-1918
       (412) 281-7229
       (412) 281-4229 (facsimile)