```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA HAYBARGER                    )
         Plaintiff,                )
                                   )
    v.                             )   Civil Action No. 06-862
                                   )
LAWRENCE COUNTY ADULT              )
PROBATION AND PAROLE, COUNTY       )
OF LAWRENCE, WILLIAM MANCIO,       )
in his individual and official     )
capacities,                        )
         Defendant.                )
```

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    March 14, 2007.

This is an action in employment discrimination. Plaintiff, Debra Haybarger, alleges that defendants, Lawrence County Adult Probation and Parole, County of Lawrence, and William Mancio, discriminated against her due to her diabetes in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq.("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("FMLA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et. seq. ("Rehabilitation Act"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq. ("PHRA"). Plaintiff seeks injunctive relief, as well as compensatory damages, and punitive damages.

Defendant Lawrence County Adult Probation and Parole has filed a motion to dismiss contending that it is an arm of the state and has sovereign immunity pursuant to the Eleventh

Amendment of the U.S. Constitution. Defendant Lawrence County has filed a motion to dismiss contending that it is not plaintiff's employer. Defendant Mancio has filed a motion to dismiss contending that he is also entitled to Eleventh Amendment immunity for claims against him in his official capacities. He further contends that he is not plaintiff's employer for purposes of the claims against him in his individual capacity.

For the reasons set forth below, the motions to dismiss will be granted in part and denied in part.

I. BACKGROUND

Accepting plaintiff's allegations as true, the following is the factual predicate for the case. Plaintiff was an office manager for defendant Lawrence County Adult Probation and Parole since October of 1988. She is diabetic. Plaintiff had a lengthy hospitalization due to her illness in 2004, which caused her to miss almost the entire month of July. On September 29, 2004, plaintiff was informed that she was being terminated because her health problems were causing her to "slack" in her performance. She received a formal letter of discharge on October 4, 2004. Plaintiff contends that her termination was due to her disability.

II. STANDARD OF REVIEW

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or

whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory she advances. Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). It is according to this standard that the court has reviewed defendants' motions.

### III.   DISCUSSION

#### A.   Lawrence County Adult Probation and Parole

Defendant Lawrence County Adult Probation and Parole has moved to dismiss on the ground that it is entitled to sovereign immunity pursuant to the Eleventh Amendment of the U.S. Constitution. Defendant asserts that the Commonwealth of Pennsylvania has not abrogated its sovereign immunity with regard to the ADA, FMLA or Rehabilitation Act, therefore, the instant action must be dismissed.

Plaintiff contends that whether defendant is an arm of the state for purposes of Eleventh Amendment immunity depends on a factual analysis that requires discovery. The court finds that, as a matter of law, defendant is an arm of the state and as such, has immunity from suit.

The Eleventh Amendment to the United States Constitution states in pertinent part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has consistently held that the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court by its own citizens as well as by citizens of another state. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Public Health & Welfare Dept., 411 U.S. 279, 280(1973)).

A suit may be barred by the Eleventh Amendment even though a state is not named a party to the action, so long as the state is deemed to be the real party in interest. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). There are several factors to consider in determining whether a suit against an entity is actually a suit against the state itself. These are (1) the source of the money that would pay for the judgment; (2) the

status of the entity under state law; and (3) the degree of autonomy the entity has. Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989).

The Court of Appeals for the Third Circuit has already determined, using the Fitchik factors, that Pennsylvania's judicial districts, including the probation and parole departments, are entitled to Eleventh Amendment immunity. Benn v. First Judicial District of Pennsylvania, 426 F.3d 233, 240 (3d Cir. 2005). In Benn, the court held that the Pennsylvania Constitution provides for the vesting of the Commonwealth's judicial power in a unified judicial system. All courts and agencies of the unified judicial system are part of the Commonwealth government and thus are state rather than local entities. Id. at 240 (internal citations omitted). Therefore, the issue of whether Pennsylvania's judicial districts are an arm of the state is not open to dispute. As an arm of the state, defendant has sovereign immunity and plaintiff is not entitled to discovery on this issue.

This immunity, however, is not absolute. Congress may abrogate the states' Eleventh Amendment immunity pursuant to its authority under section five of the Fourteenth Amendment provided it has unequivocally expressed its intent to do so. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73-74, 79 (2000). We must now

decide whether Congress has validly abrogated Pennsylvania's sovereign immunity under the ADA, FMLA or the Rehabilitation Act.

The Supreme Court of the United States held in <u>Board of Trustees of the Univ. of Alabama v. Garrett</u>, 531 U.S. 356 (2001), that Congress did not validly abrogate states' sovereign immunity under Title I of the ADA. As such, Pennsylvania is immune from suits for money damages brought under this statute. Because Lawrence County Adult Probation and Parole is an arm of the state, plaintiff's claim for monetary damages under Title I of the ADA against this defendant is dismissed.

Plaintiff has also brought a claim under the "self-care" provision of the Family and Medical Leave Act ("FMLA"). The self-care provision of the FMLA requires an employer to provide twelve workweeks of leave "because of a serious health care condition that makes the employee unable to perform the functions of the position of such employee." 19 U.S.C. § 2612(a)(1)(D). The Court of Appeals for the Third Circuit has held that Congress did not validly abrogate states' sovereign immunity with regards to the self-care provision of the FMLA. See <u>Chittister v. Dept. of Community and Economic Development</u>, 226 F.3d 223 (3d. Cir. 2000)(overruled on other grounds).[1] As such, plaintiff's FMLA

---

[1] We note that the Supreme Court held that Congress did validly abrogate states' Eleventh Amendment immunity with regards to the "family-care" provision of the FMLA. See <u>Nevada Dept. Of Human Resources v. Hibbs</u>, 538 U.S. 721 (2003); 29 U.S.C. §

(continued...)

6

claim against the Lawrence County Adult Probation and Parole must also be dismissed.

Plaintiff has brought a claim under the Rehabilitation Act. Although we have decided that defendant has Eleventh Amendment immunity, a state may surrender its immunity by accepting federal funds conditioned on the state's waiver of immunity. Koslow v. Pennsylvania, 302 F,3d 161 (3d. Cir. 2002). The Court of Appeals for the Third Circuit has held that by accepting federal funds, a state would waive its Eleventh Amendment immunity to Rehabilitation Act claims. A.W. v. Jersey City Public Schools, 341 F.3d 234 (3d. Cir. 2003). However, waiver is limited to the department actually receiving financial assistance, including all of the operations of that department, regardless of whether the particular activities are federally assisted. Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d. Cir. 2002). The Rehabilitation Act defines a "program or activity" as including: all the operations of --

> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
>
> (B) the entity of such State or local government that distributes such assistance and each such department or

---

[1](...continued)
2612(a)(1)(C). This decision, however, was limited to the "family-care" provision and does not affect the reasoning of Chittister with regards to the "self-care" provision of the FMLA.

>agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government.

29 U.S.C. § 794.

Defendant has submitted an affidavit from the Court Administrator for the 53rd Judicial District of Pennsylvania, stating that the judicial district and its Probation Department have not received "funds from any federal source at any time from 1988 to the present." See Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint, Ex. 1 (document # 18). Defendant alleges that the court should look at the judicial district to decide whether sovereign immunity was waived.

Plaintiff contends that if defendant is part of the Pennsylvania unified judicial system for purposes of sovereign immunity, then the waiver inquiry under the Rehabilitation Act cannot be limited to the 53rd Judicial District. According to plaintiff, the relevant inquiry is whether the Pennsylvania unified judicial system received any federal funds during the relevant time period.

The Supreme Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. Hunter v. Bryant, 502 U.S. 224, 227 (1991). Sovereign immunity is intended to protect officials from the potential consequences of suit, including distraction from official duties. Id. With these considerations in mind, we will deny defendant's

motion to dismiss plaintiff's Rehabilitation Act claim, without prejudice. The parties are instructed to conduct discovery limited to whether the Pennsylvania unified judicial system or the 53rd Judicial District received federal funds during the relevant time period. After this discovery is complete, we will decide which would be the correct entity for a waiver analysis under the Rehabilitation Act. Defendant may file a motion to dismiss, if appropriate under the facts after this limited discovery is completed. All other activity in the case will be stayed pending resolution of the issue.

We now turn to plaintiff's PHRA claim. Pennsylvania courts have held that the Commonwealth has waived its sovereign immunity with regards to PHRA suits in state court. See Mansfield State College v. Kovich, 46 Pa. Comwlth. 339 (1979). However, Pennsylvania, by statute, has opted to retain its sovereign immunity against claims brought in federal court. See 42 Pa. Const. Stat. § 8521(b); see also, Williams v. Pennsylvania State Police-Bureau of Liquor Control Enforcement, 108 F. Supp.2d 460 (E.D.Pa. 2000); Clayton v. Pennsylvania Dept. of Public Welfare, 2007 WL 5765677(M.D.Pa. 2007). The Supreme Court has stressed that "in order for a state statute or constitutional provision to constitute waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." Port Authority Trans-Hudson Corp v. Feeney, 495 U.S. 299,

9

306 (1990)(internal citation omitted). Because the state has made clear its intention to retain its Eleventh Amendment immunity with regards to PHRA suits in federal court, we will dismiss plaintiff's PHRA claim.

We will now evaluate plaintiff's remaining claims for equitable relief.

Plaintiff seeks an order enjoining defendants from "engaging in any employment actions or practices that discriminate on the basis of disability." She also requests that this court order defendants to "institute and carry out policies, practices and procedures which provide equal opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful discriminatory employment practices." See Plaintiff's Amended Complaint, p. 4-8 (document # 13).

For plaintiff to prevail in her claims for injunctive relief, plaintiff must demonstrate that she is in immediate danger of sustaining some direct injury. O'Shea v. Littleton, 414 U.S. 488, 494, 499 (1974). Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. Id. at 495-96. In City of Los Angeles v. Lyons, 461 U.S. 95 (1983), the Supreme Court referred again to its O'Shea holding that "past wrongs do not in themselves amount

to that real and immediate threat of injury necessary to make out a case or controversy." Id. at 103.

Plaintiff no longer works for Lawrence County Adult Probation and Parole. Therefore, she cannot show that she is in immediate danger of sustaining some direct injury as a result of that entity's employment practices. As such, plaintiff cannot bring her claims for injunctive relief against any defendant. See O'Shea, 414 U.S. 488. Plaintiff's claims for injunctive relief are dismissed.

B. Lawrence County

Defendant Lawrence County, has moved to dismiss plaintiff's claims based on the fact that it is not plaintiff's employer.

Plaintiff contends that if Lawrence County Adult Probation and Parole is not an arm of the state, then it would be part of the county and defendant Lawrence County would be plaintiff's employer. Because we have already held that the Lawrence County Adult Probation and Parole department is an arm of the state, plaintiff's claims against Lawrence County are dismissed.

C. William Mancio

Defendant William Mancio has filed a motion to dismiss contending that a claim against him in his official capacity is a claim against the state. According to defendant, because the state of Pennsylvania has not waived its Eleventh Amendment immunity, any action against him in his official capacity is

barred. Finally, defendant contends that he is not plaintiff's employer, therefore, any claim against him in his individual capacity cannot lie.

Plaintiff again argues that discovery is needed to determine whether defendant is entitled to sovereign immunity. Plaintiff also alleges that she can proceed for equitable relief under the ADA and the FMLA, and for money damages under the Rehabilitation Act and state law against Mr. Mancio in his individual capacity. Ex Parte Young, 209 U.S. 123 (1908).

As for plaintiff's first claim that discovery is needed to determine whether the judicial district is an arm of the state, we have already decided that the issue is foreclosed per Benn v. First Judicial District of Pennsylvania, 426 F.3d 233 (3d. Cir. 2005). Defendant is correct that a suit against him in his official capacity is a suit against the state. See A.W. v. Jersey City Public Schools, 341 F.3d 234, 238 (3d. Cir. 2003) ("[The] protection from suit extends to state agencies as well as state officials sued in their official capacity for monetary damages.") Therefore, plaintiff's ADA and FMLA claims for money damages against this defendant in his official capacity are dismissed.

We will deny defendant Mancio's motion to dismiss the Rehabilitation Act claim without prejudice. As with Lawrence County Adult Probation and Parole, dismissal of this claim will turn on whether the Pennsylvania unified judicial system or the

53rd Judicial District received federal funds during the relevant time period. Defendant may file another motion to dismiss, if appropriate, after discovery reveals whether the Pennsylvania unified judicial system or the judicial district received any federal funds during the relevant time period.

Plaintiff also seeks injunctive relief against defendant Mancio, requesting changes in employment practices. Plaintiff has not alleged that she is in immediate danger of suffering a direct injury. For the same reasons set forth above, plaintiff's claims for injunctive relief are dismissed.

Defendant further contends that because he is not plaintiff's employer, plaintiff's claims against him in his individual capacity must be dismissed. Plaintiff did not address this issue.

There is no individual liability under Title I of the ADA. Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d. Cir. 2002). Therefore, we will dismiss plaintiff's ADA claim against defendant Mancio in his individual capacity.

The Third Circuit Court of Appeals has not addressed whether an individual within a public agency may be held liable under the FMLA. Different appellate circuit courts have reached different conclusions. See Modica v. Taylor, 465 F.3d 174 (5th Cir. 2006) (holding that public employees may be held individually liable under the FMLA); Darby v. Batch, 287 F.3d 673 (8th Cir. 2002)

(same); <u>Cornforth v. University of Oklahoma Bd. of Regents</u>, 263 F.3d 1129 (10th Cir. 2001)(same); but see, <u>Mitchell v. Chapman</u>, 343 F.3d 811 (6th Cir. 2006) (holding that FMLA precluded individual liability claims against government supervisors); <u>Wascura v. City of South Miami</u>, 257 F.3d 1238 (11th Cir. 2001)(holding that public officials are not "employers" under FMLA).

The FMLA defines the term "employer," in relevant part, as "any person who acts directly, or indirectly, in the interest of an employer to any employees of such employer..." 29 U.S.C. § 2611(2)(A)(ii)(1). The clear language of the statute would indicate that defendant Mancio could be held individually liable for any actions that violate the FMLA.

The U.S. Department of Labor's regulations provide that individuals such as officers acting in the interest of the employer are individually liable for any violations of the requirements of the FMLA. 29 C.F.R. § 825. 104 (d) (2006). Although these regulations are not binding on this court, we do owe deference to an agency's interpretation of the statute and regulations it administers. <u>NVE, Inc. v. Dept. of Health and Human Services</u>, 436 F.3d 182, 186 (3d Cir. 2006) (citing <u>Chevron U.S.A., Inc. v. NRDC</u>, 467 U.S. 837 (1984)). Therefore, we will not dismiss plaintiff's FMLA claim against defendant Mancio at this stage.

The Court of Appeals for the Third Circuit has not yet decided whether an individual can be held liable under the Rehabilitation Act. See Hewett v. Willingboro Bd. of Educ., 421 F. Supp. 2d 814, 817 (D.N.J. 2006); Smith v. Genesis Ventures I, LLC, 2006 WL 3592330 (E.D. Pa. 2006). However, the court in Emerson v. Thiel College, 296 F.3d 184, (3d. Cir. 2002), held that because the individual defendants did not receive federal aid, they could not be held liable under the Rehabilitation Act. Plaintiff has not alleged that defendant Mancio received federal funds. As such, we will dismiss plaintiff's Rehabilitation Act claim against defendant Mancio in his individual capacity.

Finally, defendant has moved to dismiss plaintiff's PHRA claim on the grounds that he is not plaintiff's employer. Defendant did not address this contention.

Section 955(e) of the PHRA forbids "any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice...." 43 Pa. Cons.Stat. Ann. § 955(e). Therefore, the fact that defendant Mancio is not plaintiff's employer does not end the inquiry. See Dici v. Commonwealth of Pennsylvania, 91 F.3d 542 (3d. Cir. 1996). Taking plaintiff's factual allegations as true, we find that the complaint sets forth enough facts to state a claim against defendant Mancio in his individual capacity under Section

955(e) of the PHRA. Therefore, we will deny defendant Mancio's motion to dismiss plaintiff's PHRA claim.

IV. <u>Conclusion</u>

Defendants' motion to dismiss will be granted in part and denied in part. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DEBRA HAYBARGER,               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 06-862
                               )
LAWRENCE COUNTY ADULT          )
PROBATION AND PAROLE, COUNTY   )
OF LAWRENCE, WILLIAM MANCIO,   )
in his individual and official )
capacities,                    )
                               )
        Defendants.            )
```

Therefore, this 14th day of March, 2007, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [document # 17] and Defendants' Motion to Dismiss [document # 25] are GRANTED in part, and DENIED, in part. Plaintiff's ADA, FMLA, and PHRA claims against defendant Lawrence County Adult Probation and Parole are dismissed. Plaintiff's claims against defendant Lawrence County are dismissed. Plaintiff's ADA and FMLA claims against defendant Mancio in his official capacity are dismissed. Plaintiff's ADA and Rehabilitation Act claims against defendant Mancio in his individual capacity are dismissed. IT IS FURTHER ORDERED that the parties will have 60 days to complete limited discovery consistent with this opinion. All other matters are STAYED pending completion of limited discovery.

<u>By The Court</u>

_____, J.

cc:   All Counsel of Record