IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA HAYBARGER,

        Plaintiff,                       Civil Action No.: 06-862

    v.                                       Judge Lancaster

LAWRENCE COUNTY ADULT PROBATION    *Electronically Filed*
AND PAROLE, COUNTY OF LAWRENCE,
WILLIAM MANCIO, in his individual and
official capacities,

        Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT LAWRENCE COUNTY ADULT
PROBATION AND PAROLE'S MOTION FOR SUMMARY JUDGMENT**

And now comes the Plaintiff, Debra Haybarger, by and through her undersigned counsel and files the following Brief in Response to Defendant Lawrence County Adult Probation and Parole's Motion for Summary Judgment:

**I.    INTRODUCTION**

The Defendants in this case are the former employers of the Plaintiff, Mrs. Haybarger, and this action pertains to the Defendants' termination of her employment on October 4, 2004, due to her lengthy absences caused by her diabetes. See Amended Complaint, Document 13, at ¶¶ 10-21. Pending now before this Court is a Motion for Summary Judgment on the claims of the Plaintiff against the Defendant Lawrence County Adult Probation and Parole (hereinafter referred to as "LCAPP").

LCAPP had previously filed a Motion to Dismiss in this action on August 25, 2006, which this Court granted in part and denied in part by Memorandum Order dated March 14, 2007. In the Memorandum Order, this Court held that LCAPP was not a local governmental agency, but was rather a part of the Unified Judicial System of state of Pennsylvania. LCAPP is

therefore considered to be an arm of the state, and as such, would usually be granted sovereign immunity against the Plaintiff's claims. However, this Court did not dismiss all of the Plaintiff's claims because it recognized that it is possible for a state governmental agency to waive sovereign immunity with regard to claims under the Rehabilitation Act by accepting federal funds. Therefore, Mrs. Haybarger's claim against LCAPP under the Rehabilitation Act was allowed to proceed, and it was directed that discovery should go forward on the issue of whether LCAPP received any federal funding. This discovery revealed that, contrary to the Defendant's contentions, LCAPP did, in fact, receive federal funding as part of the Fifty-Third Judicial District of the Unified Judicial System, rendering the Defendant's original sovereign immunity argument moot. Nevertheless, the Defendant continues to argue that it should enjoy immunity from the Plaintiff's Rehabilitation Act claim, despite the fact that the law provides no basis for this proposition.

## II.   STANDARD OF REVIEW

In reviewing the Defendant's Motion for summary judgment, this Honorable Court must consider all of the evidence in the light most favorable to Mrs. Haybarger. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden is on the Defendant to demonstrate that the evidence creates no genuine issue of material fact. Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir. 1987).

**III.   ARGUMENT**

    **1.**

As previously mentioned, this Court's March 15, 2007 Memorandum Order allowed the Plaintiff's Rehabilitation Act claim to stand because it is possible for a state "program or activity" to waive its sovereign immunity towards the Rehabilitation Act by accepting federal funds. Koslow v. Pennsylvania, 302 F.3d 161, 171 (3d Cir. 2002). The phrase "program or activity" under the Rehabilitation Act is defined as:

> all of the operations of--
>
> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
> (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;
> …

29 U.S.C. § 794.

This Court has already addressed the issue of which "program or activity" is proper to focus upon in determining LCAPP's potential liability or immunity in this case. As acknowledged in the Memorandum Order, Mrs. Haybarger had originally argued that LCAPP's immunity would be waived if any part of the Unified Judicial System received federal funds. See Memorandum Order, Document 29, at p. 8. In other words, Mrs. Haybarger's argument was that if any judicial district received federal funds, then this would constitute a waiver of sovereign immunity as to all districts. However, it had been the Defendant's contention that LCAPP was a part of the Fifty-Third Judicial District, and so the analysis should focus only on whether or not the Fifty-Third Judicial District received federal funding. To this end, the Defendant even submitted an erroneous affidavit stating that the Fifty-Third Judicial District did not receive any such funding. This Court even recognized LCAPP's argument in this regard, stating "Defendant

alleges that the court should look at the *judicial district* to decide whether sovereign immunity was waived." See Memorandum Order, Document 29, at 8 (emphasis added). However, this argument ultimately proved to be unprofitable for LCAPP when it came to light that the Fifty-Third Judicial District actually did receive federal funding. At this point, the issue of sovereign immunity should have died, and it is manifestly unfair and unreasonable for the Defendant to continue arguing that it enjoys sovereign immunity when it is apparent that LCAPP is part of a department that benefits from federal funds.

Even so, notwithstanding the fact that the Defendant's prior arguments regarding its immunity have been refuted, the Defendant is now arguing that the governmental departments of Pennsylvania should be subdivided yet again with regard to this federal funding. In essence, the Defendant is changing its tune and is now arguing that it is not the funding of each individual judicial district that matters, but rather the question depends on the individual functions taking place within each judicial district. The bottom line is that this "subdivision" argument could be asserted *ad nauseum*, splitting agencies and departments into smaller and smaller units in order to defeat legitimate claims from plaintiffs. However, as will be explained further below, there is no basis in the law for such an approach.

To begin with, the very language of the statute at issue rebuts such a proposition. The text states that "the term 'program or activity' means *all the operations* of … a department, agency, special purpose district, or other instrumentality of a State or of a local government … ." 29 U.S.C. § 794 (b) (emphasis added). These words—"all the operations of"—are of particular importance in this issue; they should be given full effect, and should not be treated as mere surplusage. Tavarez v. Klingensmith, 372 F.3d 188, 190 (3d Cir. 2004). If the drafters of the statute had wished to allow some operations in a department of government to maintain their

immunity, while other operations within the same department waive their immunity, then the drafters could have simply used the words "any of the operations of." This would effectively allow any individual government operation to qualify as a program or activity. However, the drafters' choice of language demonstrates their recognition that an entity of the government, such as the Fifty-Third Judicial District, is made up of numerous smaller operations, such as parole boards, and that it is *all of these operations* that will collectively constitute the "program or activity" for waiver purposes, rather than individual operations on a case by case basis. As the Third Circuit has stated, "the Rehabilitation Act's definition of 'program or activity' sweeps 'all the operations' of a department or agency receiving federal financial assistance under the Act's coverage." Koslow, 302 F.3d at 171.

For this reason, the Defendant's attempt to analogize this case to the decision in Koslow is misplaced. The Koslow opinion addressed a situation in which the Pennsylvania Department of Corrections had received funds under a federal program known as the State Criminal Alien Assistance Program ("SCAAP"). According to the court, it did not matter what individual unit within the Department of Corrections received these funds—by accepting them, the entire Department of Corrections waived sovereign immunity. And it would not have made a difference if these SCAAP funds had been earmarked for a specific purpose unrelated to the suit being brought—sovereign immunity would still be waived. So, according to the Third Circuit's example, if the Department of Corrections received federal money that was used only for the purpose of funding inmate educational programs, sovereign immunity would still be waived as to *all operations* within the Department even if totally unrelated to education, such as water treatment activities at one particular prison. Id. at 172. See also Thomlison v. City of Omaha, 63 F.3d 786 (8th Cir. 1995) (even though the city's Fire Division received no federal assistance, the

Fire Division was still subject to Rehabilitation Act because it was part of the city's Department of Public Safety, and other Public Safety Department divisions had received federal funds).

Analogizing <u>Koslow</u> to the situation before this Court, it becomes apparent that the Fifty-Third Judicial District, as an instrumentality of the Unified Judicial System, corresponds to the Department of Corrections, which is a department of the executive branch. As explained above, the Third Circuit gives no authority for subdividing any department, agency, or instrumentality any further beyond this first level. To the contrary, the Third Circuit proscribed such a course of action in <u>Koslow</u>. In sum, if the Department of Corrections was not permitted to subdivide itself into lower level operations such as inmate educational programs for Rehabilitation Act waiver purposes, then neither should the Fifty-Third Judicial District be subdivided into separate units such as its parole and probation programs and its domestic relations section.

The practical reason for this prohibition comes from the obvious fact that if a particular operation within the Fifty-Third Judicial District, such as the domestic relations section, receives federal funding, there is an indirect benefit to all other operations within that department, such as the LCAPP, because more non-federal funding can then be made available to them in the Fifty-Third Judicial District's budget. The Federal Court for the Eastern District of Pennsylvania recognized this concept in the case of <u>Wright v. Columbia University</u>, 520 F.Supp. 789 (E.D.Pa. 1981), which, although dealing with a university, still rings true in the governmental context as well. The plaintiff in <u>Wright</u> was a student who brought suit under the Rehabilitation Act against the university for failing to provide him with the opportunity to participate in its intercollegiate football program. Just as LCAPP has argued in this case, the university argued that its football program did not receive any federal funds, rendering it immune from the Rehabilitation Act. However, the court disagreed with the university, stating:

> To the extent that the University receives federal funding, component entities thereof benefit indirectly through the reallocation of funds received from other sources. Moreover, to accept defendant's argument would allow major institutions receiving substantial amounts of federal aid to dissect themselves, at whim, into discrete entities, to allocate federal dollars into programs which cannot discriminate against handicapped persons, and to free privately obtained funds from those programs and instead to channel such money into programs purportedly immune from Section 504 strictures.

Wright, 520 F.Supp. at 792. The Wright court characterized such a practice as a "circumvention of federal policy against discrimination for institutions benefiting from federal aid." Id. So also should LCAPP be denied in its attempt to dissect the Fifty-Third Judicial District into smaller and smaller discrete entities. As part of the Fifty-Third Judicial District, LCAPP is an indirect beneficiary of federal funding, just as the football program in Wright was; as such, it should be held accountable for its discriminatory practices under the Rehabilitation Act.

## IV.   CONCLUSION

In conclusion, what LCAPP is seeking to accomplish in its Motion for Summary Judgment is contrary to the text of 29 U.S.C. § 794, which includes all the operations of the Fifty-Third Judicial District under one umbrella for waiver of sovereign immunity waiver purposes. The law does not allow agencies, departments, or instrumentalities of the state, such as the Fifty-Third Judicial District, to be subdivided and compartmentalized into discrete units in an attempt to avoid liability for discriminatory practices in some units, while accepting federal funds in others. Therefore, regardless of which individual operation the federal funds went to within the Fifty-Third Judicial District, the LCAPP, as part of this district, no longer enjoys sovereign immunity from the Plaintiff's Rehabilitation Act claims. Accordingly, the Plaintiff

requests that this Honorable Court deny the Defendants' Motion for Summary Judgment for the reasons set forth above.

                                            Respectfully submitted,

                                            By:  /s/Gregory G.Paul  
                                            GREGORY G. PAUL, ESQUIRE  
                                            P.a. I.D. #83334  
                                            ROBERT PEIRCE & ASSOCIATES, P.C.  
                                            2500 Gulf Tower, 707 Grant Street  
                                            Pittsburgh, Pennsylvania 15219-1918  
                                            (412) 281-7229  
                                            (412) 281-4229 (facsimile)  
                                            gpaul@peircelaw.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on July 5, 2007, he personally caused a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS COUNTY OF LAWRENCE AND WILLIAM MANCINO'S MOTION TO DISMISS COMPLAINT, to be served via efiling upon the following:

Edmond R. Joyal, Jr., Esquire
Law Offices of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA  15219

Taylor Williams, Esquire
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102

/s/Gregory Paul_____
Gregory Paul, Esquire
Attorney I.D. No. PA 83334