```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA HAYBARGER                  )
          Plaintiff,             )
                                 )
     v.                          )  Civil Action No. 06-862
                                 )
LAWRENCE COUNTY ADULT            )
PROBATION AND PAROLE, COUNTY     )
OF LAWRENCE, WILLIAM MANCIO,     )
in his individual and official   )
capacities,                      )
          Defendant.             )
```

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                            August 24, 2007.

This is an action in employment discrimination. Plaintiff, Debra Haybarger, alleges that defendants, Lawrence County Adult Probation and Parole, and William Mancio, discriminated against her due to her diabetes in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("FMLA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et. seq. ("Rehabilitation Act"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq. ("PHRA").[1] Plaintiff seeks injunctive relief, as well as compensatory damages, and punitive damages.

On March 14, 2007, the court ordered limited discovery to determine whether the 53rd Judicial District, or the Pennsylvania

---

[1] Plaintiff originally asserted these claims against the County of Lawrence as well. The court granted County of Lawrence's motion to dismiss on March 14, 2007. [document #29]

unified judicial system, received federal funds during the relevant time period. The parties have completed this discovery and defendants have now filed motions for summary judgment contending that they are immune from suit pursuant to the Eleventh Amendment of the United States Constitution. Plaintiff contends that defendants have waived their immunity for Rehabilitation Act claims. For the reasons set forth below, the motions will be denied.

## I.    BACKGROUND

Accepting plaintiff's allegations as true, the following is the factual predicate of the case. Plaintiff was an office manager for defendant Lawrence County Adult Probation and Parole since October of 1988. She is diabetic. Plaintiff had a lengthy hospitalization due to her illness in 2004, which caused her to miss work almost the entire month of July. On September 29, 2004, plaintiff was informed that she was being terminated because her health problems were causing her to "slack" in her performance. She received a formal letter of discharge on October 4, 2004. Plaintiff contends that her termination was due to her disability.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49.

III.  DISCUSSION

   A.  Defendant Lawrence County Adult Probation and Parole

Defendant Lawrence County Adult Probation and Parole has moved for summary judgment on the ground that it is entitled to sovereign immunity under the Eleventh Amendment of the U.S. Constitution. Although defendant admits that the Domestic Relations section of the judicial district does receive federal

funds, it contends that Lawrence County Adult Probation and Parole does not waive its sovereign immunity just because a section of the judicial district accepts federal funds.[2] Defendant further asserts that because the federal funds are channeled through the Pennsylvania Department of Public Welfare, the court could find that these are actually state, and not federal, funds.

Plaintiff contends that defendant's arguments regarding sovereign immunity are contrary to law. Plaintiff argues that defendant, as part of the 53rd Judicial District, has waived its sovereign immunity with regards to the Rehabilitation Act because the district accepted federal funds. The court agrees with plaintiff and will deny the motion for summary judgment.

As part of the 53rd Judicial District, defendant Lawrence County Adult Probation and Parole has immunity from suit. However, "if a state accepts federal funds for a specific department or agency, it voluntarily waives sovereign immunity for Rehabilitation Act claims against the department or agency - but only against the department or agency." Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 171 (3d Cir. 2002).

---

[2] Defendant Lawrence County Adult Probation and Parole originally filed an affidavit with this court stating that the 53rd Judicial District does not receive federal funds. (doc. #18) Defendant has now filed a correct affidavit recognizing that the Domestic Relations section of the judicial district does receive federal funds. (doc.# 33)

4

The Court of Appeals for the Third Circuit has held that the scope of the Eleventh Amendment immunity directly correlates to the state department or agency receiving federal financial assistance. Id.

The Rehabilitation Act defines a "program or activity" as including: all the operations of --

> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
>
> (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government.

29 U.S.C. § 794.

In Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, the Court of Appeals for the Third Circuit held that waiver applies to all of the operations of a department or agency receiving federal funds. In that case, the court found that the Department of Correction, not the individual state correctional institutions, waived its immunity by accepting federal funds. Similarly, we find that the 53rd Judicial District has waived its sovereign immunity, even if it only accepted federal funds for a small section of its department.

Defendant also briefly argues that because the federal funds are disbursed by the Department of Public Welfare, they somehow cease to be federal funds. However, defendant admits that

5

the judicial district "accepts money originating in the federal sector" under the provisions of the Social Security Act, Section IV-D, a *federal* statute. See Memorandum of Law in Support of Motion for Summary Judgment Filed on Behalf of Defendant Lawrence County Adult Probation and Parole (document #32).

Defendant notes that the agreement disbursing the funds is between the Pennsylvania Department of Public Welfare, the Domestics Relations Section of the Judicial District and the Lawrence County Commissioners, not with the federal government.[3] Therefore, defendant contends that the funds could be construed as state funds. We cannot agree.

The agreement clearly refers to "Title IV" funds, i.e. the federal funds, throughout the contract. The agreement itself is titled "Cooperative Agreement under Title IV-D of the Social Security Act." That the federal funds are not channeled directly to the judicial district is of no importance. For example, in Koslow, the court noted that the "Commonwealth of Pennsylvania accepted federal financial assistance under [a federal program] and provided these federal funds to the Department of Corrections." 302 F.3d at 172. That the funds did not come directly to the Department of Corrections from the federal

---

[3] We note that defendant has attached an incomplete version of the agreement, which is missing part of the attachments. Although we have no reason to believe that the omissions were intentional, we caution defendant to be more careful in its submissions to the court.

6

government was of no importance. Likewise, the fact that the federal funds are not disbursed directly to the judicial district is of no consequence. As such, defendant is not immune from suit under the Rehabilitation Act.

### B. Defendant Mancio

Defendant Mancio has also moved for summary judgment incorporating by reference the brief submitted by defendant Lawrence County Adult Probation and Parole. For the reasons set forth above, defendant Mancio's motion for summary judgment on the Rehabilitation Act claim is denied.

### IV.   CONCLUSION

Defendants' motions for summary judgment are denied. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA HAYBARGER<br>　　　Plaintiff,<br><br>　　v.<br><br>LAWRENCE COUNTY ADULT<br>PROBATION AND PAROLE, COUNTY<br>OF LAWRENCE, WILLIAM MANCIO,<br>in his individual and official<br>capacities,<br>　　　Defendant. | Civil Action No. 06-862 |

O R D E R

Therefore, this 24 day of August, 2007, IT IS HEREBY ORDERED that defendant Lawrence County Adult Probation and Parole's Motion for Summary Judgment Following Discovery on Federal Funding [document #31] is DENIED.  IT IS FURTHER ORDERED that Defendant Mancio's Motion for Summary Judgment [document # 39] is DENIED.

BY THE COURT:

_____, J.

cc:  All Counsel of Record