IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA HAYBARGER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Action No. 06-862 |
| LAWRENCE COUNTY ADULT, | ) |
| PROBATION AND PAROLE, | ) |
| COUNTY OF LAWRENCE, WILLIAM | ) |
| MANCINO, in his official | ) |
| and individual capacities, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM and ORDER

Gary L. Lancaster,                                           January 25, 2013
Chief Judge.

This is an action in employment discrimination. Plaintiff, Debra Haybarger, alleges that defendant, William Mancino, discriminated and retaliated against her in violation of the Family Medical Leave Act, 29 U.S.C. § 2615(a)("FMLA"). Although plaintiff originally asserted a number of claims against all defendants, her FMLA claims against Mr. Mancino, in his individual capacity, are the only claims that remain. Defendant Mancino has filed a renewed motion for summary judgment [doc. no. 71 as supplemented by doc. no. 156] asserting, <u>inter alia</u>, that he is entitled to immunity from these claims under the 11th Amendment to the United States Constitution ("11th Amendment"). For the reasons set forth below, this motion will be denied.

I.   BACKGROUND and STANDARD OF REVIEW

The parties are familiar with the extensive factual background of this case and it will not, therefore, be restated here. The facts and standard of review as set forth in this court's memorandum granting Mr. Mancino's original motion for summary judgment [doc. no. 124 at pp. 3 - 13] are incorporated by reference. In light of Mr. Mancino's renewed motion for summary judgment, a review of the procedural background of this case is in order.

As the parties are aware, Mr. Mancino's first motion for summary judgment was granted. [Doc. No. 124]. The motion was granted on the basis that, although individual supervisors can be held liable under the FMLA as employers, there was insufficient evidence to establish that Mr. Mancino had control over plaintiff's terms and conditions of employment that would render Mr. Mancino Ms. Haybarger's employer as defined by the FMLA. Central to that conclusion was the fact that Mr. Mancino did not have ultimate authority to discipline and/or fire plaintiff. Id. at pp. 22-23.

The Court of Appeals for the Third Circuit reversed. Haybarger v. Lawrence County Adult Probation and Parole, et. al, 667 F.3d 408 (3d Cir. 2012). The court of appeals agreed that, as a matter of first impression, "an individual supervisor working for an employer may be liable as an employer under the

FMLA." Id. at 415. The court of appeals held, however, that Mr. Mancino's ability to hire and fire was not dispositive of the inquiry as to whether he was plaintiff's employer. Rather, the court of appeals concluded that, "[c]onsidering [Mr.] Mancino's control over [plaintiff's] employment and the economic reality of [plaintiff's] employment situation . . . a rational juror could find that Mancino had sufficient control over [plaintiff's] employment so as to be subject to liability for a violation of the FMLA he caused to occur." Id. at 418.

Thus, it appears clear from the court of appeals' decision that, on remand, the questions that remain are for the jury. Namely, a jury must determine whether the facts adduced at trial support a finding that Mr. Mancino was plaintiff's employer. The jury must then answer the question of whether Mr. Mancino's conduct violated plaintiff's rights under the FMLA.

As noted above, the instant motion is Mr. Mancino's renewed motion for summary judgment. Mr. Mancino reasserts that he is entitled 11th Amendment immunity from plaintiff's claims against him in his individual capacity. Mr. Mancino also again claims that plaintiff has failed to state a claim against him for either interference with her FMLA rights or retaliation for seeking FMLA leave. Mr. Mancino's motion is without merit and will be denied.

II.  DISCUSSION

Mr. Mancino first argues in this renewed motion that he is entitled to 11th amendment immunity. It appears that Mr. Mancino is confusing his potential liability in his official capacity as an "employer" under the FMLA with plaintiff's suit against him in his individual capacity. Simply put, it is well established that government employees may be liable for money damages when sued in their individual capacities. <u>Winn v. Lynn</u> 941 F.2d 236, 241 (3d Cir. 1991)(observing that 11th Amendment bar is irrelevant to suits against officials in their individual capacity). Again, as noted above, plaintiff originally sued Mr. Mancino in both his official and individual capacities. Her claims against him in his official capacity were dismissed long ago. <u>See</u> Docket No. 29 (Memorandum Order dated 3/14/2007 granting in part and denying in part defendant's motion to dismiss and, <u>inter alia</u>, dismissing plaintiff's FMLA claims against Mr. Mancino in his official capacity). Her FMLA claims against him in his individual capacity, however, remain. Accordingly, Mr. Mancino's renewed motion for summary judgment on the basis of 11th amendment immunity must be denied.

As to Mr. Mancino's remaining claims that plaintiff has failed to state a claim against him for either interference with her FMLA rights or retaliation for seeking FMLA leave, there remain a plethora of disputed material facts that preclude

4

the entry of summary judgment. The court of appeals has directed that these facts must be determined by a jury. Accordingly, Mr. Mancino's renewed motion for summary judgment must be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA HAYBARGER, <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE COUNTY ADULT, PROBATION AND PAROLE, COUNTY OF LAWRENCE, WILLIAM MANCINO, in his official and individual capacities, <br><br> Defendants. | Civil Action No. 06-862 |

## ORDER

AND NOW this 25th day of January, 2013, upon consideration of defendant's Renewed Motion for Summary Judgment [doc. No. 71 supplemented by doc. No. 156] IT IS HEREBY ORDERED THAT the motion is DENIED.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record